**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVAUGHN SAMUEL, individually and on behalf of all others similarly situated,<br><br>                                 **Plaintiff**,<br>   -against-<br><br>**WALGREEN CO.**,<br><br>                                 **Defendant.** | No:<br><br><br><br><br><br>**CLASS ACTION<br>COMPLAINT** |

Levaughn Samuel ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

     1.     This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and similarly situated non-exempt hourly positions such as cashiers, customer service associates, and greeters (collectively, "Hourly Workers") who work or have worked for Walgreen Co. ("Walgreens" or "Defendant").

     2.     Headquartered in Deerfield, Illinois operates pharmaceutical and convenience stores throughout the United States.

     3.     Walgreens operates over 9,000 stores throughout the United States, including over

1

600 in New York State, and employs over 50,000 people in the United States, a majority of whom are Hourly Workers.

4. At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers on an hourly basis.

5. At all relevant times, Defendant has also paid Plaintiff and all other Hourly Workers shift bonuses.

6. At all relevant times, Defendant paid Plaintiff and all other Hourly Workers an overtime rate that failed to calculate their shift bonus pay, as required by law.

7. At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

8. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

9. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

10. Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

11. Plaintiff also brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Levaughn Samuel**

12. Levaughn Samuel ("Samuel") is an adult individual who is a resident of the State of New York.

13. Samuel was employed by Walgreens as an Hourly Worker from on or about March 25, 2018 through approximately September 1, 2020.

14. Samuel is a covered employee within the meaning of the FLSA and the NYLL.

15. A written consent form for Samuel is being filed with this Class Action Complaint.

### Defendant

**Walgreen, Co.**

16. Walgreen, Co is a foreign business corporation organized and existing under the laws of Illinois.

17. Walgreen, Co.'s principal executive office is located at 300 Wilmot Road, Deerfield, Illinois, 60015.

18. Walgreen, Co. was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19. Walgreen, Co. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. Walgreen, Co. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

21. Upon information and belief, at all relevant times, Walgreen, Co. has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

23. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

25. The members of the proposed class are citizens of states different from that of at least one Defendant.

26. There are over 100 members in the proposed class.

27. Defendant is subject to personal jurisdiction in New York.

28. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Hourly Workers for Walgreens who elect to opt-in to this action (the "FLSA Collective").

30. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate

4

Plaintiff and the FLSA Collective for their overtime hours worked.

31. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay, including earned bonus pay, for all hours worked beyond 40 per workweek.

32. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

33. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 hours per workweek.

## NEW YORK CLASS ACTION ALLEGATIONS

34. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Walgreen Co. in New York between September 21, 2014 and the date of final judgment in this matter (the "New York Class").

35. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

36. There are more than fifty members of the New York Class.

37. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each

5

member of the New York Class in separate actions.

38. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

39. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

40. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

42. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

    (a) whether Defendant correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

    (b) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis;

(c) whether Defendant failed to furnish Plaintiff and the New York Class with a proper time of hire wage notice, as required by the NYLL; and

(d) whether Defendant failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

43. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Levaughn Samuel**

44. Samuel was employed by Walgreens at their store located at 120 Court Street, Brooklyn, New York 11201 as an hourly employee from on or about March 25, 2018 through approximately September 1, 2020.

45. During his employment, Samuel frequently worked over 40 hours per week. In weeks where Samuel worked over 40 hours per week and earned bonus pay, Defendant failed to calculate the overtime rate including hourly bonus pay.

46. For example, for the pay period of March 25, 2018 to April 7, 2018, Samuel worked 34.2 minutes of overtime and earned bonus pay and an hourly rate of $13.00 per hour, therefore the overtime was paid of $19.50 per hour failed to account for the bonus pay he earned. *See* **Exhibit A**, Samuel Paystub.

47. Furthermore, during his employment, over twenty-five percent of Samuel's duties were physical tasks, including but not limited to: (1) stocking shelves; (2) rearranging items on shelves; (3) sweeping floors; (4) installing alarm tags; (5) removing secured items from shelves; (6) bagging and carrying customer's items; (7) wiping down the cashier station and break room; and (7) continuously standing and walking throughout his entire shift.

48. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Samuel has been compensated by Defendant on a bi-weekly basis.

49. For example, for the week beginning on March 25, 2018 and ending March 31, 2018, Samuel was paid his lawfully earned wages on April 12, 20218. *See* **Exhibit A**.

50. In this regard, Defendant failed to pay Samuel his wages earned from March 25, 2018 through March 31, 2018 by April 7, 2018, as required by NYLL § 191(1)(a).

51. Defendant failed to provide Samuel with a proper time of hire wage notice as required by the NYLL.

52. Throughout Samuel's employment, Defendant failed to provide Samuel with accurate wage statements which showed the number of hours he worked each week.

53. Furthermore, Defendant failed to provide Samuel with wage statements which reflected his correct overtime rate. *See* **Ex. A**.

54. In this regard, Defendant failed to provide Samuel with accurate wage statements with each payment of wages as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

57. Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

58. Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, including commissions, for all hours worked in excess of 40 per workweek.

59. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the New York Class)

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

62. Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay, including bonuses – for all hours worked beyond 40 per workweek.

63. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

66. Defendant's failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

67. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Time of Hire Notice
### (Brought on behalf of Plaintiff and the New York Class)

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendant has failed to supply Plaintiff and the New York Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer;

10

the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70. Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

73. Defendant's failure to provide Plaintiff and the New York Class with wage statements that accurately reflected their overtime rate and hours worked per week violates NYLL § 195(3)

74. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to

provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Hourly Workers in the United States who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Walgreens. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

E. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

G. Statutory penalties of fifty dollars for each workday that Defendant failed to provide

Plaintiff and the NY Rule 23 Class with proper time of hire wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

I. Prejudgment and post-judgment interest;

J. Reasonable attorneys' fees and costs of the action; and

K. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 21, 2020

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

FAIR LABOR STANDARDS ACT CONSENT

1.  I consent to be a party plaintiff in a lawsuit against Walgreens and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*levaughyn Samuel*
levaughyn Samuel (Sep 1, 2020 14:49 EDT)

Signature

levaughyn Samuel

Full Legal Name (Print)

